UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| NEBRASKA BOOK COMPANY, INC., *et al*., | § | CASE NO. 11-12005 (PJW) |
| | § | |
| | § | Jointly Administered |
| Debtors | § | |

**TEXAS COMPTROLLER'S OBJECTION TO CONFIRMATION**
**OF FIRST AMENDED PLAN OF REORGANIZATION**

The Texas Comptroller of Public Accounts ("Texas Comptroller"), appearing through the Texas Attorney General's Office, objects to confirmation of the Debtors' First Amended Joint Plan of Reorganization (the "Plan").

1. Plan Art. X.F improperly proposes to enjoin creditors from asserting post-confirmation setoff rights that are expressly preserved by 11 U.S.C. § 553(a). Multiple cases authorities also recognize that setoff rights survive confirmation. IRS v. Luongo (In re Luongo), 229. F.2d 323, 333 (5th Cir. 2001); In re DeLaurentis Group, Inc., 963 F.3d 1269, 1277 (9th Cir. 1992), *cert. den.* 113 S. Ct. 330 (1992); Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1557 (10th Cir. 1990).

2. Further, case law in this district expressly terms such plan anti-setoff provisions as "improper." In re Alta + Cast, 2004 WL 484881, *6 (Bankr. D. Del.)

3. The Supreme Court has made it clear that it is sanctionable conduct ("bad faith litigation tactics") for a plan proponent to knowingly include provisions that are "improper" under bankruptcy law. Espinosa v. United States Aid Funds, Inc., 130 S. Ct. 1367, 1382 (2010). That is just what the plan proponents and their counsel have done in this case as to creditors' setoff rights. The Court should not confirm a plan containing improper provisions, as the Supreme Court made clear in Espinosa, even if no party objects. Such a plan should also not be confirmed even if the proponents

seek to "carve out" an objecting creditor and retain an improper provision as to other, non-objecting creditors.

4. The Texas Comptroller reserves and does not waive the right to seek sanctions against the Plan proponents and their counsel for knowingly proposing a plan containing improper provisions that attempt to deprive creditors of rights that the Bankruptcy Code expressly preserves.

5. The Plan has other defects. The Plan fails to specify how priority tax claims will be paid. Instead, Plan Art. II.C only states generally that priority tax claims "shall be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code." That is equivalent to saying secured claims "will be treated in accordance with the terms of section 1129(b) of the Bankruptcy Code" without addressing payment intervals, interest rates, lien retention, maturity dates and other common plan terms. No court would confirm such a vague plan, and the same should be true for priority tax claims. Priority creditors should not be forced to negotiate or litigate one-by-one in a distant forum how their claims will be paid, a process that would not only create unnecessary professional fees for all parties, but would result in disparate treatment for creditors with like claims. The Plan should be amended to address when payments to priority tax creditors will begin, what interest rate they will bear, at what intervals they will be paid, when they will mature, and what remedies creditors will have if the Reorganized Debtor defaults on payments.

6. Plan Art.X.D improperly provides for releases by holders of claims and interests of multiple non-debtor third parties, including officers and directors of the Debtors. Plan Art. X.E contains similar "exculpation" terms. Such provisions conflict with 11 U.S.C. § 524(e) and are contrary to case law limiting release provisions in plans. In re Continental Airlines, 203 F.3d 203 (3d Cir. 2000); In re Pacific Lumber Co., 584 F.3d 229 (5th Cir. 2009); In re Metromedia Fiber

2

Network, Inc., 416 F.3d 136 (2d Cir. 2005); In re Spansion, Inc., 426 B.R. 114 (Bankr. D. Del. 2010). The plan proponents and their counsel should again know better: "No case has tolerated nondebtor releases absent the finding of circumstances that may be characterized as unique." Metromedia Fiber Network, 416 F.3d at 142. There are no unique circumstances here justifying releases by creditors of non-debtor third parties or exculpation of such parties.

7. The Plan is not signed by counsel for the proponents, in violation of Bankruptcy Rule 2011(a). Neither is the related Disclosure Statement. Pursuant to that rule, the Plan and the Disclosure Statement must be stricken unless omission of the signatures is corrected promptly after being called to the attention of the attorneys or parties. Attention is hereby called to the non-signature by Debtors' counsel.

Wherefore, the Texas Comptroller requests that confirmation of the Plan be denied and that the Comptroller have such other relief to which it may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Mark Browning*
MARK BROWNING
Assistant Attorney General
Bankruptcy & Collections Division

P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4883
Facsimile: (512) 482-8341

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2011, a true copy of the foregoing was served by the method and to the following parties as indicated:

By Regular First Class Mail:

Nebraska Book Company, Inc.
4700 South 19th Street
Lincoln, NE 68512

Marc Kieselstein
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654

Laura Davis Jones
Pachulski Stang et al.
919 North Market St. 17th Floor
Wilmington, DE 19899-8705

By Electronic Means as listed on the Court's ECF Noticing System:

David G. Aelvoet davida@publicans.com

Justin R. Alberto jalberto@bayardlaw.com, bankserve@bayardlaw.com;tmatthews@bayardlaw.com;sbreckenridge@bayardlaw.com;lmorton@bayardlaw.com;cdavis@bayardlaw.com

Allison R Axenrod allison@claimsrecoveryllc.com, rob@claimsrecoveryllc.com

Elizabeth Banda Calvo rgleason@pbfcm.com, ebcalvo@pbfcm.com

William Wright Banks wbanks@law.ga.gov, 02bf@law.ga.gov

Matthew S. Barr mbarr@milbank.com, FRG-ECFnotifications@milbank.com;rlee@milbank.com;nlee2@milbank.com;cdelano@milb

ank.com;jbrewster@milbank.com;mbarr@milbank.com;sszanzer@milbank.com

Donald F. Baty dbaty@honigman.com

Sean Matthew Beach bankfilings@ycst.com

Christopher R. Belmonte cbelmonte@ssbb.com, pbosswick@ssbb.com

Bruce Buechler bbuechler@lowenstein.com

James S. Carr KDWBankruptcyDepartment@kelleydrye.com

Shawn M. Christianson schristianson@buchalter.com, cmcintire@buchalter.com

Lisa L. Coggins lcoggins@ferryjoseph.com

Gretchen A. Crawford grecra@oklahomacounty.org, tammik@oklahomacounty.org

Charlene D. Davis bankserve@bayardlaw.com, cdavis@bayardlaw.com;tmatthews@bayardlaw.com;sbreckenridge@bayardlaw.com;sbreckenridge@bayardlaw.com;lmorton@bayardlaw.com

Allison M. Dietz dietza@michigan.gov

John P. Dillman houston_bankruptcy@publicans.com

Robert L. Doty rdoty@ag.state.oh.us

Justin P. Duda jduda@ycst.com

Niclas A. Ferland niclas.ferland@leclairryan.com

James Gadsden bankruptcy@clm.com, bankruptcy@clm.com

Richard P. Garden rgarden@clinewilliams.com, dhilger@clinewilliams.com

Matthew B. Harvey mharvey@mnat.com, aconway@mnat.com;ecampbell@mnat.com;rfusco@mnat.com;mdecarli@mnat.com

David S. Heller david.heller@lw.com, chefiling@lw.com

Daniel R. Hodgman daniel.hodgman@kirkland.com, adam.gorman@kirkland.com;payal.keshvani@kirkland.com;eliza.davis@kirkland.com;megan.kokontis@kirkland.com;neil.walther@kirkland.com

Chad J. Husnick chad.husnick@kirkland.com, agoldstein@kirkland.com;will.guerrieri@kirkland.com

Joseph H. Huston jhh@stevenslee.com

Laura Davis Jones ljones@pszyj.com

Laura Davis Jones ljones@pszjlaw.com, efile1@pszyjw.com

Wojciech F. Jung wjung@lowenstein.com, bnathan@lowenstein.com;;klafiura@lowenstein.com;jprol@lowenstein.com

Jason M Katz jkatz@curtislaw.net

Peter J. Keane pkeane@pszjlaw.com

Peter J. Keane pkeane@pszjlaw.com

Samuel A Khalil akhalil@milbank.com

Robert F. Kidd rkidd@srcm-law.com

Marc Kieselstein marc.kieselstein@kirkland.com

Michael R. Lastowski mlastowski@duanemorris.com

Donald K. Ludman dludman@brownconnery.com

Kevin J Mangan kmangan@wcsr.com, hsasso@wcsr.com

David B. McCall bankruptcy@ntexas-attorneys.com

Laura L. McCloud agbankdelaware@ag.tn.gov

Hilary B. Mohr hmohr@riddellwilliams.com, ctracy@riddellwilliams.com

John J. Monaghan bos-bankruptcy@hklaw.com

Laura J. Monroe imbkr@pbfcm.com

Bruce S. Nathan bnathan@lowenstein.com

James E. O'Neill jo'neill@pszjlaw.com, efile1@pszyj.com

Steven D. Pohl spohl@brownrudnick.com, cennis@brownrudnick.com;jsinger@brownrudnick.com;hsteel@brownrudnick.com

Eric T. Ray eray@balch.com

Michael Reed decourts@mvbalaw.com

Donald R. Rose drr@kentuckylaw.com

Sommer Leigh Ross slross@duanemorris.com

James A. Rubenstein rubenstein@moss-barnett.com, montpetitm@moss-barnett.com

Diane W. Sanders austin.bankruptcy@publicans.com

Jason Beram Sanjana jason.sanjana@lw.com

Joseph E. Sarachek jsarachek@triaxadvisors.com, bschwab@triaxadvisors.com

Michael Savetsky msavetsky@lowenstein.com, lsowinski@lowenstein.com;dvangrouw@lowenstein.com

Maria Aprile Sawczuk masa@stevenslee.com

Jason Jay Scott ECFpleadings@kccllc.com, ecfpleadings@kccllc.com

John K. Sherwood jsherwood@lowenstein.com, dclaussen@lowenstein.com

Joseph Emil Shickich jshickich@riddellwilliams.com, ctracy@riddellwilliams.com

Karen B. Skomorucha kskomorucha@ashby-geddes.com

Ellen W. Slights usade.ecfbankruptcy@usdoj.gov

William B Sullivan bankruptcy@wcsr.com

Theodore J. Tacconelli ttacconelli@ferryjoseph.com

William F. Taylor bankruptcydel@mccarter.com

United States Trustee USTPREGION03.WL.ECF@USDOJ.GOV

Eva H. Vlachynsky deecf@dor.mo.gov

Robert James Weber weber@carneylaw.com

Helen Elizabeth Weller dallas.bankruptcy@publicans.com

Duane David Werb maustria@werbsullivan.com;riorii@werbsullivan.com

Karon Y. Wright karon.wright@co.travis.tx.us, bkecf@co.travis.tx.us


                                        */s/ Mark Browning*
                                        MARK BROWNING