### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| NEBRASKA BOOK COMPANY, INC., *et al.*,[1] | ) |
|  | ) Case No. 11-12005 (PJW) |
| Debtors. | ) |
|  | ) Jointly Administered |
|  | ) Re: docket #'s: 974, 1080, & 1081 |

### ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES; (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN; AND (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Disclosure Statement Order"): (a) approving the Disclosure Statement; (b) establishing the Voting Record Date (defined below), Voting Deadline (defined below), and other dates; (c) approving the Solicitation and Voting Procedures; and (d) approving the manner and forms of notices and other related documents, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The debtors in the Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number include: Nebraska Book Company, Inc. (9819); Campus Authentic LLC (9156); College Bookstores of America, Inc. (9518); NBC Acquisition Corp. (3347); NBC Holdings Corp. (7477); NBC Textbooks LLC (1425); Net Textstore LLC (6469); and Specialty Books, Inc. (4807). The location of the debtors' service address is: 4700 South 19th Street, Lincoln, Nebraska 68512.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

**I.      Approval of the Disclosure Statement and Notice of Hearing.**

2.      The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests entitled to vote to accept or reject the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1**, filed by the Debtors and served upon parties in interest in the Chapter 11 Cases on or before March 9, 2012, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

4.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

2

K&E 21995833

**II.    Approval of the Timeline for Soliciting Votes, Voting on the Plan, and for Filing Objections to the Plan.**

5.      The following dates are hereby established (subject to modification as needed) with respect to the solicitation of votes to accept or reject the Plan, voting on the Plan, objecting to the Plan, and Confirmation:

a.      **Voting Record Date**: April 6, 2012 (or as soon as reasonably practicable thereafter) is the date as of which the Debtors shall determine: (i) which Holders of Claims and Interests (including Beneficial Holders) are entitled to vote to accept or reject the Plan (*i.e.*, except as otherwise provided in the Solicitation and Voting Procedures, only Holders of Claims and Interests as of this date are entitled to vote to accept or reject the Plan) and (ii) whether a particular Claim or Interest has been properly assigned or transferred pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim or Interest (the "Voting Record Date");

b.      **Solicitation Deadline**: The Debtors shall distribute Solicitation Packages to Holders of Claims and Interests entitled to vote to accept or reject the Plan and to Nominees, as applicable, by no later than April 17, 2012 (the "Solicitation Deadline");

c.      **Confirmation Hearing Notice**: The Debtors shall serve by no later than April 17, 2012, the Confirmation Hearing Notice on all known Holders of Claims and Interests (except Intercompany Claims and Intercompany Interests) and the parties entitled to notice in the Chapter 11 Cases (regardless of whether such parties are entitled to vote to accept or reject the Plan), which will provide all parties in interest more than 28-days' notice of the Plan Objection Deadline and the Confirmation Hearing;

d.      **Publication Notice**: The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication, as necessary) on one occasion not later than April 23, 2012, which is 28 days prior to the Voting Deadline, in the publications listed in the Motion;

e.      **Filing of the Plan Supplement**: The Debtors shall file on or before May 11, 2012, the Plan Supplement with the Court and serve a notice upon parties entitled to notice in the Chapter 11 Cases that will (i) inform parties that the Debtors filed the Plan Supplement, (ii) list the information contained in the Plan Supplement, and (iii) explain how parties may obtain copies of the Plan Supplement;

f.      **Voting Deadline**: All Holders of Claims and Interests entitled to vote to accept or reject the Plan (or their Nominees, as applicable) and who

3

K&E 21995833

choose to vote to accept or reject the Plan must properly execute, complete, and deliver their respective Ballots, Beneficial Holder Ballots, and Master Ballots, as applicable, such that they are **actually received** by the Claims and Balloting Agent on or before May 21, 2012, at 4:00 p.m., prevailing Eastern Time (the "Voting Deadline");

g.   **Plan Objection Deadline**: Objections, if any, to the Confirmation of the Plan must be filed with the Court and served upon the Notice Parties (defined below) in accordance with the Solicitation and Voting Procedures set forth in the Motion such that they are **actually received** on or before May 21, 2012, at 4:00 p.m., prevailing Eastern Time (the "Plan Objection Deadline");

h.   **Cure Objection Deadline**: On or about May 21, 2012, at 4:00 p.m., prevailing Eastern Time, as the deadline to file any objection to the proposed assumption or the cure amounts of any assumed executory contract or unexpired lease;

i.   **Plan Objection Reply Deadline**: On or about May 25, 2012, at 4:00 p.m., prevailing Eastern Time, as the deadline by which to reply to any objections to the Plan must be filed with the Court and served as to be **actually received** by the appropriate notice parties;

j.   **Filing of the Voting Report**: The Voting Report must be filed with the Court no later than May 25, 2012, at 4:00 p.m., prevailing Eastern Time; and

k.   **Confirmation Hearing Date**: The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at 9:30 a.m., prevailing Eastern Time, on May 30, 2012.

4

**III.    Approval of Solicitation Materials and Solicitation Packages.**

6.    In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Disclosure Statement Order (once entered, excluding the exhibits thereto), the solicitation materials (each, a "Solicitation Package" and, collectively, the "Solicitation Packages") to be transmitted by no later than April 17, 2012, to those Holders of Claims and Interests in the Voting Classes entitled to vote to accept or reject the Plan as of the Voting Record Date (and to Nominees, as applicable), shall include the following, the form of each of which is hereby approved:

a.    The Ballots, the Beneficial Holder Ballot, and the Master Ballot, substantially in the forms attached hereto as **Exhibit 2** and incorporated by reference herein;

b.    the cover letter from the Debtors (the "Cover Letter") to Holders of Claims and Interests in the Voting Classes urging such parties to vote in favor of the Plan, substantially in the form attached hereto as **Exhibit 3** and incorporated by reference herein; and

c.    the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4** and incorporated by reference herein.

7.    The Solicitation Packages provide Holders of Claims and Interests entitled to vote to accept or reject the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

**IV.    Approval of the Solicitation and Voting Procedures.**

8.    The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Voting and Tabulation Procedures and the Beneficial Holder Tabulation Procedures fully set forth herein, which are hereby approved in their entirety; *provided, however,* that the Debtors reserve the right to amend or supplement the Solicitation and

K&E 21995833

Voting Procedures set forth in the Motion and this Order where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

9. The Debtors are authorized to use the following Voting and Tabulation Procedures:

a. <u>Votes Not Counted</u>: The following Ballots, Beneficial Holder Ballots, or Master Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    i. any Ballot, Beneficial Holder Ballot, or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    ii. any Ballot, Beneficial Holder Ballot, or Master Ballot cast by an entity that (A) does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

    iii. any Ballot, Beneficial Holder Ballot, or Master Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Claims and Balloting Agent), the Indenture Trustee, or the Debtors' financial or legal advisors;

    iv. any unsigned Ballot, Beneficial Holder Ballot, or Master Ballot; or

    v. any Ballot, Beneficial Holder Ballot, or Master Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b. <u>Rejected Ballots/Master Ballots</u>: Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot, the Beneficial Holder Ballot, or the Master Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot, Beneficial Holder Ballot, or Master Ballot as invalid and, therefore, decline to count it in connection with Confirmation of the Plan;

c. <u>Multiple Ballots</u>: If multiple Ballots or pre-validated Beneficial Holder Ballots are received from the same Holder of a Claim or Interest with respect to the same Claim or Interest prior to the Voting Deadline, or if multiple Beneficial Holder Ballots are received by a Nominee for a Beneficial Holder with respect to the same Claim prior to the voting deadline, or if multiple Master Ballots are received from the same Nominee with respect to the same Claim prior to the voting deadline, the latest dated, validly executed Ballot, Beneficial Holder Ballot, or Master

6

Ballot timely received shall count for voting purposes, subject to contrary order of the Court; *provided, however* that in instances where ambiguity exists with respect to which Ballot, Beneficial Holder Ballot, or Master Ballot was the latest dated, the Claims and Balloting Agent has the right to contact the respective Holder or Nominee to determine such Holder's or Nominee's intent and calculate the vote according thereto.

d.  No Vote-Splitting: Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any such votes. Accordingly, any Ballot or Beneficial Holder Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims or Interests within the same Class, the Debtors may, in their discretion, aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes.

e.  Defective Ballots/Beneficial Holder Ballots/Master Ballots: The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot, Beneficial Holder Ballot, or Master Ballot at any time, either before or after the Voting Deadline; *provided, however*, that:

i.  any such waivers shall be documented in the Voting Report;

ii.  neither the Debtors, nor any other entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; and

iii.  unless waived by the Debtors, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots, Beneficial Holder Ballots, or Master Ballots must be cured prior to the Voting Deadline or such Ballots, Beneficial Holder Ballots, and Master Ballots will not be counted.

f.  Lack of Good Faith Designation: In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted or rejected by such Claim or Interest.

7

10.     The Debtors are authorized to use the following Beneficial Holder Tabulation Procedures:

a.    <u>Record Date Amounts</u>.  Votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Classes 1 and 4 as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the amount of Notes Claims held by such Nominee as of the Voting Record Date.

b.    <u>Over-Votes</u>.  If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors will use reasonable efforts to reconcile discrepancies with the Nominees.  If over-votes on a Master Ballot or pre-validated Ballot are not reconciled prior to the preparation of the vote certification, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 1 and 5.

c.    <u>Principal Amount Voted</u>.  For purposes of tabulating votes, each Beneficial Holder will be deemed to have voted the principal amount of its Notes Claim (although any principal amounts shall be adjusted by the Claims and Balloting Agent to reflect the amount of the Claim actually voted, including prepetition interest).

d.    <u>Multiple Master Ballots</u>.  A single Nominee may complete and deliver to the Claims and Balloting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supercede and revoke any prior Master Ballot; *provided, however,* that in instances where ambiguity exists with respect to which Master Ballot was the latest dated, the Claims and Balloting Agent has the right to contact the respective Nominee to determine their intent and calculate the vote according thereto.

e.    <u>Beneficial and Master Ballots Not Counted</u>.  Any Beneficial Holder Ballot cast by a Beneficial Holder holding securities in "street name" that is <u>not</u> pre-validated, but is nevertheless sent by a Beneficial Holder directly to the Claims and Balloting Agent, will not be counted.

11.     The Debtors shall cause to be distributed Solicitation Packages to all Holders of Claims and Interests entitled to vote to accept or reject the Plan in accordance with the Motion in

K&E 21995833

satisfaction of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

12.    The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Order to Holders of Claims and Interests entitled to vote to accept or reject the Plan (or to Nominees, as applicable) in CD-ROM format. The Ballots, Beneficial Holder Ballots, and Master Ballots, as well as the Cover Letter and the Confirmation Hearing Notice, will only be provided in paper.

13.    By no later than April 17, 2012, the Debtors shall provide (a) complete Solicitation Packages (excluding Ballot, Beneficial Holder Ballot, and Master Ballot) to the Office of the United States Trustee for the District of Delaware, to the counsel to the ABL Agent, counsel to the Ad Hoc Group of Senior Secured Noteholders, counsel to the JPMorgan Noteholders, counsel to the Ad Hoc 8.625% Noteholders, counsel to JPMorgan Chase Bank N.A., in its capacity as administrative agent under the DIP Agreement, and counsel to the committee of unsecured creditors appointed in the Chapter 11 Cases, and (b) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to all parties who have filed requests for notices under Bankruptcy Rule 2002 as of the Voting Record Date.

14.    Any party who receives a CD-ROM, but who would prefer paper format, may contact the Claims and Balloting Agent and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtors' expense. The Confirmation Hearing Notice will provide creditors with a phone number to call to request a copy of the Plan and the Disclosure Statement.

9

15.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims in Non-Voting Classes, as such Holders are not entitled to vote to accept or reject the Plan.  Instead, on or before the Solicitation Deadline, the Claims and Balloting Agent shall mail (first-class postage prepaid) parties who are not entitled to vote to accept or reject the Plan the following notice of non-voting status in lieu of Solicitation Packages, the form of each of which is hereby approved:

a.    Holders of Claims in Classes 2 and 3 which are all Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan, shall receive the notice substantially in the form attached hereto as **Exhibit 5** and incorporated by reference herein;

b.    Holders of Claims in Classes 6 and 10 and Holders of Interests in Class 9 who are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan, shall receive the notice substantially in the form attached hereto as **Exhibit 6** and incorporated by reference herein; and

c.    Counterparties to the Debtors' executory contracts and unexpired leases shall receive the notice substantially in the form attached hereto as **Exhibit 7**, **Exhibit 8**, and **Exhibit 9** as applicable, and incorporated by reference herein.

16.    The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) except as otherwise provided in the Motion, Holders of Claims listed on the Schedules as contingent, unliquidated or disputed or as zero or unknown in amount, if such parties did not file Proofs of Claim; or (c) Holders of Intercompany Claims and Intercompany Interests.

17.    All votes to accept or reject the Plan must be clearly set forth on the appropriate Ballot, Beneficial Holder Ballot, or Master Ballot, each of which must be properly executed, completed, and delivered in accordance with and pursuant to the Solicitation and Voting

10

Procedures set forth in the Motion (the applicable provisions of which are also included in the instructions accompanying each Ballot, Beneficial Holder Ballot, and Master Ballot) so that all Ballots, pre-validated Beneficial Holder Ballots, and Master Ballots are **actually received** on or before the Voting Deadline by the Claims and Balloting Agent.[3]

18.     Any Ballots, pre-validated Beneficial Holder Ballots, and Master Ballots received after the Voting Deadline may be counted only in the sole and absolute discretion of the Debtors.

19.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Disclosure Statement Order. Specifically, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Court and served so that it is **actually received** on or prior to the Plan Objection Deadline by the following parties (collectively, the "Notice Parties"):

---

[3]     Beneficial Holder Ballots that are not pre-validated must be returned by Beneficial Holders to their respective Nominees on or before such date as determined by the Nominee and indicated on the Beneficial Holder Ballots that affords Nominees sufficient time to compile, validate, and summarize votes and other information contained on Beneficial Holder Ballots onto the Master Ballots and deliver such completed Master Ballots to the Claims and Balloting Agent on or before the Voting Deadline in accordance with the procedures discussed in detail in this Order.

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Attn.: Marc Kieselstein, P.C., Chad J. Husnick, and Daniel R. Hodgman
E-mail addresses: marc.kieselstein@kirkland.com, chad.husnick@kirkland.com, and
daniel.hodgman@kirkland.com

**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
Wilmington, Delaware 19899
Attn.: Laura Davis Jones, James E. O'Neill, and Peter J. Keane
Email addresses: ljones@pszjlaw.com, joneill@pszjlaw.com, and
pkeane@pszjlaw.com

*Counsel to the Debtors*

**SIMPSON THATCHER**
425 Lexington Avenue
New York, New York 10017-3954
Attn.: Peter Pantaleo
Email address: ppantaleo@stblaw.com

*Counsel to the JP Morgan Chase Bank, N.A. in its capacity as agent under the
Debtors' debtor-in-possession financing*

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
One Chase Manhattan Plaza
New York, New York 10005
Attn.: Matthew S. Barr, Samuel A. Khalil, and Cindy Chen Delano
Email addresses: mbarr@milbank.com, skhalil@milbank.com, and
cdelano@milbank.com

*Counsel to the Ad Hoc 8.625% Noteholders*

**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Attn.: Bill Boone
Email address: bill.boone@alston.com

*Counsel to Wilmington Trust FSB*

**CARTER LEDYARD & MILBURN LLP**
2 Wall Street
New York, New York 10005
Attn.: James Gadsden
Email address: bankruptcy@clm.com

*Counsel to The Bank of New York Mellon Trust Company, N.A.*

| |
|---|
| **WILLKIE FARR & GALLAGHER LLP**<br>787 Seventh Avenue<br>New York, New York 10019<br>Attn.:  Marc Abrams, Rachel Strickland, and Jennifer Hardy<br>Email addresses:  mabrams@willkie.com, rstrickland@willkie.com and jhardy@willkie.com<br><br>*Counsel to J.P. Morgan Investment Management Inc. in its capacity as investment advisor to certain holders of 8.625% Notes and AcqCo Notes* |
| **KELLEY DRYE & WARREN LLP**<br>101 Park Avenue<br>New York, New York 10178<br>Attn.:  Pamela Bruzzese-Szczygiel, James Carr, and Benjamin Feder<br>Email addresses:  pbruzzese-szczygiel@kelleydrye.com, jcarr@kelleydrye.com, and bfeder@kelleydrye.com<br><br>*Counsel to U.S. Bank National Association* |
| **BROWN RUDNICK LLP**<br>One Financial Center<br>Boston, Massachusetts 02111<br>Attn.:  Steven D. Pohl<br>Email address:  spohl@brownrudnick.com<br><br>*Counsel to the Ad Hoc Group of Senior Secured Noteholders* |
| **LOWENSTEIN SANDLER PC**<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Attn.:  Bruce Buechler<br>Email address:  bbuechler@lowenstein.com<br><br>*Counsel to Committee of Unsecured Creditors* |
| **STEVENS & LEE, P.C.**<br>1105 North. Market Street, Suite 700<br>Wilmington, Delaware 19801<br>Attn.:  Joseph H. Huston, Jr.<br>Email address:  jhh@stevenslee.com<br><br>*Counsel to Committee of Unsecured Creditors* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE<br>FOR THE DISTRICT OF DELAWARE**<br>Attn.:  David Klauder<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 |

13

K&E 21995833

**V.    Approval of Notices to Contract and Lease Counterparties.**

20.    The Debtors are authorized to mail a notice of assumption or rejection of any

Executory Contract or Unexpired Leases (and any corresponding Cure Claims), in the forms

attached hereto as **Exhibit 8** and **Exhibit 9** and incorporated herein by reference, to the

applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or

rejected pursuant to the Plan, by no later than May 11, 2012.

21.    Nothing in this Disclosure Statement Order shall be construed as a waiver of the

right of the Debtors or other party in interest, as applicable, to object to a Proof of Claim after the

Voting Record Date.

22.    All time periods set forth in this Disclosure Statement Order shall be calculated in

accordance with Bankruptcy Rule 9006(a).

23.    The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Disclosure Statement Order in accordance with the Motion.

24.    The terms and conditions of this Disclosure Statement Order shall be immediately

effective and enforceable upon its entry.

Date: **April 12** 2012
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

14